# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**CLARENCE E. TAYLOR,**

    Petitioner,

    v.

**WARDEN TIM SHOOP,**

    Respondent.

CASE NO. 3:21 CV 28

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Petitioner Clarence E. Taylor filed this *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a 2003 sentence from the Allen County Court of Common Pleas. *See* Doc. 1. Therein, Petitioner contends Ohio courts did not properly apply Ohio law regarding the post-release control portion of that sentence. *Id.* at 14-15. He appears to ask this Court to vacate the post-release control portion of that sentence and nullify the sanction subsequently imposed for violating the terms thereof. *See id.*

For the reasons discussed below the Petition will be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

An Ohio jury convicted Petitioner of charges of aggravated robbery with a firearm specification in 2003. *See State v. Taylor*, 2003-Ohio-7115 (Ohio Ct. App.). At sentencing, the trial court informed Petitioner he would be subject to mandatory post-release control; however, the language of the written sentencing entry suggested the imposition of post-release control was discretionary. *See State v. Taylor*, No. 1-19-53, at 7 (Ohio Ct. App. Third Dist. Nov. 25, 2019).

Petitioner filed a direct appeal but did not raise the discrepancy in language between the hearing and the journal entry regarding post-release control. *See Taylor*, 2003-Ohio-7115. He fully served the incarceration portion of his sentence in 2015 and was released to post-release control. *See Taylor*, No. 1-19-53, at 2.

In 2016, while on post-release control, Petitioner was indicted on new charges, to which he pleaded guilty and received a prison sentence. *See State v. Taylor*, 2018-Ohio-1528 (Ohio Ct. App.). The Ohio Adult Parole Authority found Petitioner had violated the terms of his supervised release from his 2003 conviction; he received additional prison time for the violation. *See State v. Taylor*, Case No. 19-1760 (Ohio Sup. Ct.) (Mem. in Support of Jurisdiction).

In July 2019, Petitioner filed a motion to vacate his 2003 sentence, arguing it was void because of the sentencing entry error regarding post-release control. *See Taylor*, No. 1-19-53, at 2. The State conceded an error in the sentencing entry and requested resentencing. *See id.* The trial court, however, concluded it lacked jurisdiction to correct the error and denied the motion. *See id.* Petitioner appealed that decision in August 2019, raising one ground for relief: the trial court erred in denying his motion because the error in post-release control sentencing rendered his entire sentence void. *Id.* The appellate court upheld the decision of the trial court on different grounds. *See id.* at 3-9. It found Petitioner's claim regarding the post-release control sentencing entry could and should have been asserted on direct appeal and was not; therefore, it was barred by *res judicata*. *Id.* at 7-8. Petitioner appealed that decision to the Supreme Court of Ohio which declined jurisdiction on March 3, 2020. *See State v. Taylor*, 158 Ohio St. 3d 1423 (2020).

Petitioner has now filed this Petition for a Writ of Habeas Corpus to challenge the post-release control portion of his 2003 sentence. He states a single ground for relief:

> It's inexplicable why the State Courts of Ohio either refused or declined to grant petitioner relief for the improper sentencing of post-release control and

> subsequent sanction for the violation of the improper sentencing. Petitioner was not barred from challenging that violation. The Ohio Supreme Court summarily reversed a case analogous to petitioner's that involved a violation of post-release control sanction. *See State v. Billiter*, 134 Ohio St. 3d 103.

(Doc. 1, at 5). He contends the journal entry notification of his post-release control sentence imposed in 2003 did not comply with the mandates of Ohio Revised Code § 2967.28 and his sentence was thus void and unenforceable. *Id.* at 14. He cites Ohio Revised Code § 2929.191 for the proposition that the trial court cannot correct a journal entry with invalid notification through a *nunc pro tunc* order. *Id.* And he claims that although the trial court did not have jurisdiction to correct the notification of post-release control, it did have jurisdiction to declare the entry void and to void any sanctions resulting therefrom. *Id.* at 14-15.

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774-76.

### PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) & (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). A petitioner exhausts a claim when he provides a state supreme court a full and fair opportunity to review that claim on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

To properly exhaust a claim, a petitioner must "fairly present" it to the state courts. *See, e.g.*, *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. "Fair presentation" depends upon whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

The claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, the two are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Id*. at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, where state court remedies are no longer available, procedural default applies. *Williams*, 460 F.3d at 806.

Procedural default can occur in two ways. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. Procedural default bars habeas review if: (1) there is a state procedural rule applicable to petitioner's claim and petitioner failed to comply with that rule; (2) the state court enforced the procedural rule; and (3) the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue it through the state's ordinary appellate review procedures. *Williams*, 460 F.3d at 806 (citing *Boerckel*, 526 U.S. at 848). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted. *Id.* While the exhaustion requirement may be technically satisfied because there are no longer any state

remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default barring federal court review, *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice resulting from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), may generally not be heard on federal habeas review.

## DISCUSSION

Here, Petitioner's only claim is procedurally defaulted. The State of Ohio has a default rule barring consideration of claims that should have been raised on direct appeal but were not. *See State v. Perry*, 226 N.E.2d 104, 108 (1967). Ohio courts have consistently held claims that can be adjudicated based on facts in the record can only be presented on direct appeal. *See, e.g.*, *State v. Lentz*, 639 N.E.2d 784, 785 (1994). The Ohio appellate court determined Petitioner's challenge to the wording of the journal entry imposing post-release control could and should have been raised on direct appeal and is now barred by *res judicata*. *Taylor*, No. 1-19-53, at 7-8. Because *res judicata* is an adequate and independent state ground on which the state can

foreclose review of the federal constitutional claim, *see Buell v. Mitchell*, 274 F.3d 337, 348-49 (6th Cir. 2001), this Court may not consider the merits of this claim, unless Petitioner demonstrates cause for failing to raise the claim on direct appeal, and actual prejudice from the procedural bar. He has not done so.

In fact, Petitioner's explanation for default and his only ground for relief is that the Ohio appellate court incorrectly applied the doctrine of *res judicata* based on Ohio law. *See* Doc. 1, at 14-15. That is not a matter this Court can consider in a habeas petition. Generally, a federal habeas court should not second guess a state court's decision concerning matters of state law. *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000). Stated another way, a claim based solely on an error of state law is not redressable through the federal habeas process. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

There is a narrow exception to this rule allowing federal habeas relief for a state law violation where such interpretation or application of state law rendered the trial so fundamentally unfair as to have deprived a petitioner of substantive due process in violation of the Constitution. *See McGuire*, 502 U.S. at 67-68; *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993) (federal court may not grant habeas relief on state law issue unless the "error rises to the level of depriving the defendant of fundamental fairness in the trial process."). The Supreme Court has made clear it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial. *Dowling v. U.S.*, 493 U.S. 342, 352 (1990). Specifically, such violations are restricted to offenses against "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Montana v. Egelhoff*, 518 U.S. 37, 46 (1993) (quoting *Patterson v. New York*, 432 U.S. 197, 201-02 (1977)).

This is not the situation here. The fundamental fairness principle has only been applied to pretrial proceedings where there is some effect on the fairness of the trial itself. *Hutchison v. Marshall*, 744 F.2d 44, 47 (6th Cir. 1984). The claim here has nothing to do with the fairness of the trial itself, but rather goes to the trial court's refusal to void post-release control after Petitioner began serving that portion of his sentence, violated its terms, and was sanctioned with additional prison time. The state appellate court found: "In this case, the trial court properly informed Taylor at his sentencing hearing that he was subject to a mandatory period of postrelease control " and thus "under the totality of the circumstances of this case, a reasonable person in [Petitioner's] position had sufficient notice that the trial court authorized postrelease control to be imposed following the expiration of his sentence." *Taylor*, No. 1-19-53, at 7. The Court therefore finds Petitioner has not shown the asserted error of state law rises to the level of a due process violation.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be, and the same hereby is, DENIED and this action is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and the Court further

CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE